TRACY L. WILKISON
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
AARON FRUMKIN (Cal. Bar No. 308479)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6799
    Facsimile: (213) 894-2927
    E-mail:   Aaron.Frumkin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED** CLERK, U.S. DISTRICT COURT
4/6/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: VAM DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOOLEY, <br>  aka "JD," and <br> ROBERT NASH, <br>  aka "Snoop," aka "Snoopus," <br><br> Defendants. | No. CR 2:22-cr-00127-PA-2 <br><br> PLEA AGREEMENT FOR DEFENDANT DEFENDANT ROBERT NASH |

1. This constitutes the plea agreement between ROBERT NASH ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the investigation of defendant's conduct as described in paragraph 9 below. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

### DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

      a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with conspiracy to commit copyright infringement, in violation of 18 U.S.C. § 371.

      b.    Not contest facts agreed to in this agreement.

      c.    Abide by all agreements regarding sentencing contained in this agreement.

      d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

      a.    Not contest facts agreed to in this agreement.

      b.    Abide by all agreements regarding sentencing contained in this agreement.

      c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to

and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

        d. At the time of sentencing, provided that defendant complies with paragraph 2 and the other provisions of this agreement up through the time of sentencing, recommend that defendant be sentenced to a term of probation not to exceed two years, based on the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including defendant's personal history and characteristics and the unique circumstances of this case.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, conspiracy to commit copyright infringement, in violation of Title 18, United States Code, Section 371, the following must be true: first, there was an agreement between two or more persons to commit at least one crime as charged in the information; second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy. The elements of the object of the conspiracy, copyright infringement, are as follows: first, a person reproduced or distributed a work protected by copyright; second, the person acted willfully (in disregard of a known legal duty); and third, the person reproduced or distributed 10 or more copies of one or more copyright works within 180 days, and the total retail value of the works was more than $2,500.

## PENALTIES

5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

4

collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

                        FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on an unknown date and continuing to at least October 31, 2018, in Los Angeles County, within the Central District of California, and elsewhere, defendant, co-defendant John Dooley ("DOOLEY"), and others knowingly conspired and agreed with each other to willfully infringe, and in fact did willfully infringe, the copyrights of copyrighted works, in violation of Title 17, United

1  States Code, Section 506(a)(1)(B), and Title 18, United States Code,
2  Section 2319(a), (c)(1), as described in Count One of the
3  information.  In furtherance of the conspiracy and to accomplish its
4  objects, defendant, co-defendant DOOLEY, and others, committed
5  various overt acts within the Central District of California, and
6  elsewhere.  Defendant, co-defendant DOOLEY, and others willfully
7  reproduced and distributed more than ten copies of copyright-
8  protected works, with a total retail value exceeding $2,500, within a
9  180-day period.   Specifically, beginning around 2009, defendant
10 became a member of the online piracy organization called
11 "LOL/Dimension."  As an active member of this organization, defendant
12 intercepted satellite signals and recorded television shows and other
13 copyright-protected digital assets and would then digitally
14 distribute those assets to other members of the "LOL/Dimension"
15 group, including through communications via Internet Relay Chat and
16 by upload to the group's FTP server.  Defendant also downloaded to
17 his computer copyright-protected digital assets that had been posted
18 by others in the "LOL/Dimension" group.  Further, to facilitate the
19 group's online piracy objectives, defendant would share and receive
20 instructions regarding satellite signal interception and decryption.
21     On or about November 17, 2013, defendant intercepted, recorded,
22 and then uploaded to the "LOL/Dimension" FTP server a digital file of
23 a copyright-protected asset, specifically, a recording of the
24 National Football League game played that day between the Arizona
25 Cardinals and the Jacksonville Jaguars.  Defendant also intercepted,
26 recorded, and uploaded numerous other copyright-protected digital
27 assets, as described in Count One of the information.  On or about
28

October 31, 2018, defendant possessed reproductions of at least the following copyright-protected digital assets on his computer:

- "Gold Rush: White Water" Season 1, Episode 2
- "Gold Rush: White Water" Season 1, Episode 6
- "Gold Rush: White Water" Season 1, Episode 8
- "Halt and Catch Fire" Season 1, Episode 2
- "Halt and Catch Fire" Season 1, Episode 4
- "Halt and Catch Fire" Season 1, Episode 6
- "Halt and Catch Fire" Season 1, Episode 9
- "Halt and Catch Fire" Season 3, Episode 1
- "Halt and Catch Fire" Season 3, Episode 2
- "Halt and Catch Fire" Season 3, Episode 3
- "Halt and Catch Fire" Season 3, Episode 4
- "Halt and Catch Fire" Season 3, Episode 5
- "Halt and Catch Fire" Season 3, Episode 6
- "Halt and Catch Fire" Season 3, Episode 7
- "Halt and Catch Fire" Season 3, Episode 8
- "Halt and Catch Fire" Season 3, Episode 9
- "Halt and Catch Fire" Season 3, Episode 10
- "Halt and Catch Fire" Season 4, Episode 4
- "Nurse Jackie" Season 5, Episode 7
- "Nurse Jackie" Season 6, Episode 2
- "Nurse Jackie" Season 6, Episode 5
- "Nurse Jackie" Season 7, Episode 1
- "Manhattan" Season 1, Episode 1
- "Manhattan" Season 1, Episode 3
- "Manhattan" Season 1, Episode 4
- "Manhattan" Season 1, Episode 5

- "Manhattan" Season 1, Episode 6
- "Manhattan" Season 1, Episode 7
- "Manhattan" Season 1, Episode 8

## SENTENCING FACTORS

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 8 | U.S.S.G. § 2X1.1, 2B5.3(a) |
| Infringement Amount Exceeded $2,500 | +1 | U.S.S.G. § 2B5.3(b)(1)(A) |
| Offense Involved Upload of Infringing Items | 12 | U.S.S.G. § 2B5.3(b)(3)(A) |
| Offense Not Committed for Commercial Advantage or Private Financial Gain | -2 | U.S.S.G. § 2B5.3(b)(4) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

8

12. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF VENUE

15. Having been fully advised by defendant's attorney regarding the requirements of venue with respect to the offense to which defendant is pleading guilty, to the extent the offense to which defendant is pleading guilty was committed, begun, or completed outside the Central District of California, defendant knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have to be prosecuted only in the district where the offense to which defendant is pleading guilty was committed, begun, or completed; and (b) any defense, claim, or argument defendant could raise or assert based upon lack of venue with respect to the offense to which defendant is pleading guilty.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

17. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction within or below the

range corresponding to an offense level of 8 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and

(b) the Court imposes a total sentence of no less than one year of probation, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not

be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>
<u>OFFICE NOT PARTIES</u>

23. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

27.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

*Aaron Frumkin*                  April 5, 2022
AARON FRUMKIN                  Date
Assistant United States Attorney

*[signature]*                       31 MAR 2022
ROBERT NASH                         Date
Defendant

*[signature]*                       4-4-2022
DAVID M. MURPHY                  Date
Attorney for Defendant
ROBERT NASH

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     31 MAR 2022
ROBERT NASH                          Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Robert Nash's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____   4-4-2022
DAVID M. MURPHY              Date
Attorney for Defendant
ROBERT NASH